FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 1 2 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta
ORIGINAL
JUL 0 8 2005
LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | :<br>:<br>: |
| Plaintiff, | :<br>: |
| and | :<br>: |
| NEVA M. SMITH, | :<br>:<br>: Civil Action No. |
| Plaintiff-Intervenor, | : 1:04-CV-2854 WSD |
| vs. | :<br>: |
| TRANSPORTATION SOLUTIONS, INC., | :<br>:<br>: |
| Defendant. | :<br>: |

## CONSENT DECREE

This action was instituted by the Equal Employment Opportunity Commission (hereinafter, the "EEOC" or "Commission") against Defendant Transportation Solutions, Inc. (hereinafter the "Defendant") under Section 16 (c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA") to enforce the Equal Pay Act of 1963 (hereinafter the "Equal Pay Act"), and pursuant to Section 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. § 2000e et seq.

(hereinafter "Title VII") and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), to remedy the alleged wrongful employment practices identified in the Complaint filed in this action.

This Court has jurisdiction of the subject matter of this action and of the parties to this action.

The Commission alleged in the foregoing civil action that the Defendant acted unlawfully by subjecting Plaintiff-Intervenor, Neva Smith, to discrimination based upon her sex in violation of the Equal Pay Act and Title VII. In its Complaint, the Commission sought make whole relief including, but not limited to, back pay relief with interest, compensatory and punitive damages, or liquidated damages under the Equal Pay Act, and injunctive and other affirmative relief.

The Defendant filed its Answer denying the allegations made by the Commission. The Defendant disputes and denies any liability to the Commission and/or Ms. Neva Smith and/or to any other person. This agreement is not to be deemed or construed to be an admission of liability or wrongdoing by Defendant but constitutes the good faith settlement of a disputed claim.

All of the parties to this action desire to avoid the additional expense, delay and uncertainty which would result from the continuance of this litigation and desire to formulate a plan to be embodied in a Consent Decree which will promote and

effectuate the purposes of the Equal Pay Act and Title VII.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one which will promote and effectuate the purposes of the Equal Pay Act and Title VII.

Now, therefore, this Court, being fully advised in the premises, it is hereby ORDERED, ADJUDGED AND DECREED:

## I. DISCLAIMER OF VIOLATION

It is understood and agreed that the negotiation, execution and entry of this Consent Decree, and the undertakings made by Defendant hereunder, are in settlement and compromise of a disputed claim of alleged sex discrimination, the validity of which Defendant denies. Neither the negotiation, execution nor entry of this Consent Decree shall constitute an acknowledgment or admission of any kind by the Defendant that its officers, agents or employees have violated or have not been in compliance with the Equal Pay Act, or Title VII, or any rules and regulations issued under or pursuant to the Equal Pay Act, or Title VII, or any other applicable law, regulation or order.

## II. NON-DISCRIMINATION AND NON-RETALIATION

Defendant shall not discriminate against any employee or affected group

3

member in any aspect of employment on the basis of sex and shall not retaliate against any person because that person is a beneficiary of the Consent Decree, or has provided information or assistance, or has participated in any other manner in any investigation or proceeding relating to this Consent Decree.

Defendant, to ensure equal opportunity in the employment process, shall make all decisions affecting hiring, promotion, compensation, job assignment, sick and disability leave, discharge and other terms, conditions and privileges of employment, without regard to race, color, sex, religion or national origin. The Defendant shall not retaliate or take any adverse action against other persons in the future because of their opposition to practices they believe are in violation of the Equal Pay Act, or Title VII, or because of their participation in the investigation of the charge or prosecution of this litigation.

### III. NOTICES TO BE POSTED: INSTRUCTION TO MANAGEMENT

Defendant shall keep posted the notice required to be posted pursuant to Section 711 of Title VII, and, for at least twelve (12) months immediately following the entry of this Consent Decree, shall also keep conspicuously posted a copy of the notice attached to this Consent Decree at Defendant's facilities. Within thirty (30) days from the entry of this decree, Defendant shall instruct its management and supervisory personnel regarding the full meaning of those notices and this Consent

Decree. The posting required by this paragraph shall be conspicuously made on bulletin boards or locations selected so that each employee at the facilities can observe at least one such posting when at the facility. Defendant shall certify the completion of the posting and instruction to the Commission within thirty (30) days from the entry of this Consent Decree. All written certification required by this Section shall be addressed to S. Robert Royal, Regional Attorney, Atlanta District Office, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

Defendant shall not withhold the right of the Commission to enter upon Defendant's premises, with reasonable notice, to monitor compliance with this Section. Should the Notice become defaced, marred, or otherwise unreadable, Defendant shall ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified.

## IV. INSTRUCTION TO MANAGEMENT

Within thirty (30) days from the entry of this Decree, Defendant shall certify, in writing, to the EEOC that all management and supervisory personnel who are currently employed at its facility or facilities have been instructed as to the terms of this Consent Decree (other than the monetary amount of the settlement), and the full meaning of the provisions of the Notice to be posted, and that Defendant has reaffirmed with these employees that employment decisions are not to be made based

on sex. All written certification required by this Section shall be addressed to the Regional Attorney of the EEOC's Atlanta District Office at the above-referenced address.

## V. <u>REPORTING REQUIREMENT</u>

For the duration of the term of this Consent Decree, Defendant agrees that any complaint arising at its Atlanta, Georgia facility(s), and brought to the attention of management by any employee(s) against any other employee(s) or manager(s) alleging sex discrimination based on pay, which was raised by the Complaint in this civil action and resolved by this Consent Decree, shall be reported to the Regional Attorney. If such a complaint has been made, Defendant shall provide every six months for the duration of this consent decree a summary report in affidavit form to the Regional Attorney specifying whether an employee has complained about sex discrimination based on pay. If an employee has so complained, then the summary report shall state in written affidavit form the following:

    (a) The date of the complaint or report,

    (b) The name of the person making the complaint or report,

    (c) The name and title of the person against whom the complaint or report was made,

    (d) The nature of the complaint or report,

(e) The name and title of the Defendant official who learned of the complaint or report,

(f) What, if any, action was taken by Defendant in response to the complaint or report (e.g. employee discipline), and

(g) A detailed narrative of how the complaint or report was resolved by Defendant. The report should be addressed to the Regional Attorney of the EEOC's Atlanta District Office at the above-referenced address.

## VI. CHARGING PARTY'S INDIVIDUAL RELIEF: MONETARY RELIEF

Defendant, in settlement of all alleged claims of injuries sustained due to alleged discriminatory employment practices, shall provide Neva Smith the amount of twenty thousand dollars ($20,000.00) (less applicable withholdings) in a check payable to Neva Smith. A copy of said check shall be forwarded to the Regional Attorney of the Atlanta District Office, at the above-referenced address, within five (5) days of the date that Defendant mailed the check to Ms. Smith. The parties recognize that such payment to be without admission of liability on the part of the Defendant.

## VII. DISCIPLINARY POLICY ON SEX AND GENDER-BASED DISCRIMINATION

Defendant agrees to continue a policy that prohibits sex and gender-based discrimination based on pay and provides for disciplinary action against violators. Defendant agrees to issue this policy to all employees, particularly those who perform in a supervisory or lead capacity. Defendant agrees to disseminate a document that clarifies how complaints regarding sex discrimination and/or gender-based discrimination should be made with Defendant. Employees shall be advised that such complaints will be promptly investigated and effectively resolved. Defendant further agrees to advise employees that they will not be retaliated against for complaining about sex or gender-based discrimination. Defendant agrees to establish and implement a disciplinary policy with penalties up to and including discharge for employees who are found to have engaged in sex or gender-based discrimination based on pay.

## VIII. PROCEDURE FOR ENFORCING COMPLIANCE

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before seeking enforcement through the judicial process. The Commission will notify Defendants in writing by certified mail to Luther Brown, President, if it has any

reason to believe that any action or omission by a Defendant is in violation of the Consent Decree. Defendant shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney for the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies.

If upon receipt of Defendant's report the Commission concludes that the deficiency has not been satisfactorily cured by the Defendant, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process.

Notwithstanding any of the foregoing, nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Decree and which constitutes a dispute as contemplated by Section VIII from being fully and completely processed in the manner described in Section VIII, even though the dispute is not resolved within thirty (30) days of the termination of this Decree.

## IX. COMPLIANCE OFFICIAL

Defendant shall designate Charlotte Sanders, Transportation Solutions, Inc., 285 Country Club Drive, Stockbridge, Georgia, 30281, as the compliance official

who shall be responsible for compliance with this Consent Decree, and also responsible for coordinating and overseeing Defendant's compliance with this Consent Decree.

## X. TERMS OF DECREE - PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of twelve (12) calendar months immediately following the entry of the Consent Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree. If required reports are not submitted within thirty (30) days of the expiration date, or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed.

This Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for twelve (12) calendar months from the date of entry of this Consent Decree, unless the Court acts or the Commission has, prior to the expiration of said twelve (12) month period, moved to enforce compliance with the Consent Decree. If this Court acts or the Commission has moved to enforce

compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the twelve (12) month period have been resolved. Upon the Court's execution and entry of this Consent Decree, this case shall be dismissed with prejudice.

## XI. OTHER ACTIONS

The Commission shall not commence or prosecute against Defendant any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities which arise out of EEOC Charge Numbers 110-2003-31902 and 110-2004-04331, investigation of the charges, or this lawsuit. This Consent Decree in no way affects the EEOC's right to process any pending or future charges that may be filed against Defendant or its owners in accordance with standard EEOC procedures, and to commence civil actions pursuant to Section 16 (c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA") or Section 706 (f) of Title VII on any such charge. Nothing in this Consent Decree shall be construed to limit or reduce Defendant's obligation to fully comply with Title VII of the Civil Rights Act of 1964, as amended; the Equal Pay Act of 1963, as amended; the Age Discrimination in Employment Act of 1967, as amended; the Americans with Disabilities Act of 1990; or the regulations promulgated pursuant thereto. Nothing

herein shall preclude the EEOC from bringing an action to enforce the provisions of this Consent Decree.

## XII. COSTS AND ATTORNEY FEES

The Commission and Defendant shall each bear their own respective costs and attorneys fees for this action.

The parties hereto and undersigned attorneys of record for the Commission and Defendant in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

[Signatures on the following page]

**BY CONSENT:**

Counsel for Plaintiff:

_____
S. Robert Royal, Esq.
Regional Attorney
Georgia Bar No. 617505

Equal Employment Opportunity
Commission
Atlanta District Office
100 Alabama Street, SW
Suite 4R30
Atlanta, Georgia 30303
(404) 562-6815

Counsel for Defendant:

_____
Richard Rainey
N.C. State Bar No. 14278
Eric M.D. Zion
Georgia Bar No. 785901

One Wachovia Center
301 South College Street
Charlotte, N.C. 28202-6037

APPROVED, DONE, and SIGNED this 12th day of July, 2005.

_____
District Judge

Northern District of Georgia, Atlanta Division

13

## NOTICE

1. This notice to all employees of Transportation Solutions, Inc. (hereinafter "TSi") is being posted as agreed to between TSi and the Equal Employment Opportunity Commission in a consent decree filed in the United States Federal District Court, Atlanta, Georgia (Case No. 1:04-CV-2854).

2. Federal Law requires, in general, that there be no discrimination against any employee or applicant for employment because of the person's race, color, religion, sex, pregnant condition, national origin, disability or age with respect to hiring, firing, compensation or other terms, conditions or privileges of employment.

3. TSi supports and will comply with such Federal Law in all respects and will not take any action against employees because of their sex, pregnant condition, race, color, religion, national origin, disability or age or because they have exercised their rights under the law.

4. TSi has taken and will continue to take such action as is required by the consent order entered by the United States District Court.

5. This notice will remain posted for twelve (12) months, until June, 2006.

Signed this _____ day of _____, 2005.

_____
TSi

**DO NOT REMOVE THIS NOTICE UNTIL**
June 2006